### RICHTMAN et al. v. HALEY.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1903.)

No. 1,689.

1. CARRIERS—STEAMBOAT—INJURIES TO PASSENGERS — RES IPSA LOQUITUR—STATUTES—APPEAL—FINDINGS—REVERSAL.

Where, in an action for injuries to a passenger resulting from an explosion of one of the boilers of a steamboat, findings of a commissioner in favor of the plaintiff were based on Act Cong. July 7, 1838, c. 191, § 13 (5 Stat. 305), providing that in actions against proprietors of steamboats for injuries arising from the bursting of the boiler, etc., the fact of such bursting should be taken as full prima facie evidence sufficient to charge the defendant with negligence, after such section had been expressly repealed by Act Cong. February 28, 1871, c. 100, § 71 (16 Stat. 440, 459), and it could not be ascertained to what extent the findings had been influenced by the supposition that the section was still in force, a judgment in favor of plaintiff entered thereon will be reversed.

Appeal from the District Court of the United States for the District of Nebraska.

George G. Bowman, for appellants.

E. A. Baird (Frank E. Brown, on the brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. Caleb Haley, the appellee, filed his libel against the steamboat Jacob Richtman, alleging, in substance, that on the 13th day of September, 1900, he was a passenger on the boat, and was injured by the explosion of one of its boilers, and

that the explosion was due to the negligence of those in charge of the boat and to defects in the boiler, which were, or should have been, known to those in charge of the boat. Jacob Richtman, Jacob M. Richtman, Simon P. Richtman, and James J. Richtman, doing business as Jacob Richtman & Sons, owners of the boat, filed their claim and answer denying the material allegations of the libel. By consent of parties the cause was referred to S. R. Rush, commissioner, "to take the proofs and report his findings of fact and law to the court." After taking a large volume of testimony, the commissioner reported to the court his findings of facts and conclusions of law, to which the claimants filed exceptions, which were overruled, the commissioner's report confirmed, and a decree entered in conformity therewith awarding to the appellee damages to the amount of $1,860.

Section 13 of chapter 191 of the act of Congress approved July 7, 1838, 5 Stat. 305, reads as follows:

"Sec. 13. And be it further enacted, that in all suits and actions against proprietors of steamboats, for injuries arising to person or property from the bursting of the boiler of any steamboat, or the collapse of a flue, or other injurious escape of steam, the fact of such bursting, collapse, or injurious escape of steam, shall be taken as full prima facie evidence, sufficient to charge the defendant or those in his employment, with negligence, until he shall show that no negligence has been committed by him or those in his employment."

The commissioner, in his report, cited and relied on this section, and the decisions made under it, in support of his findings of fact, and presumably the lower court did the same in confirming the commissioner's report, for in this court the case was argued and submitted by counsel on both sides on the assumption that the section we have quoted was still in force. Upon examination we find the whole of the chapter containing this section was expressly repealed by section 71 of chapter 100 of the act of Congress of February 28, 1871, 16 Stat. 440, 459. For this reason the section is not found in the Revised Statutes of the United States, and we do not find that it has been re-enacted. We are unable to determine to what extent the findings of fact and conclusions of law of the commissioner and the lower court were influenced by the erroneous supposition that this section was still in force. In this class of cases, particularly where the reference is made by agreement of the parties, as it was in this case, the findings of the commissioner, when approved by the lower court, are extremely persuasive, and will be adopted by the appellate court, unless manifestly erroneous. But in this case we do not know whether the findings and conclusions of the commissioner and the lower court would have been the same if they had been advised of the repeal of this statute, and for this reason we are unable to determine what weight, if any, we should give to their finding. The parties are entitled to have the opinion of the commissioner and the lower court upon the facts of the case uninfluenced by any consideration of the repealed statute, and this court is entitled to have the opinion of the commissioner and the lower court on the facts uninfluenced by that consideration. Under the circumstances we think the ends of justice will be best attained by reversing the decree

and sending the case back to the lower court, with directions to refer it back to the commissioner with instructions to report his findings of facts and law to the court upon the testimony heretofore taken, and any new and additional testimony the parties, or either of them, may offer.

Ordered accordingly.